**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

PETER OWENS, II,

Plaintiff,

v. Case No. 2:25-cv-506-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Peter Owens, II ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of chronic pain from a "multi level disc problem" in his back," depression, anxiety, and concentration issues. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed August 11, 2025, at 140, 160-61.[2]

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 4).

[2] Some of the cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

On November 16, 2006, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of June 17, 2005 in the DIB application and January 1, 2002 in the SSI application. Tr. at 89-93 (DIB), 94-100 (SSI). The applications were denied initially, Tr. at 51, 56-58, 59 (DIB), 52, 55, 60-62 (SSI), and upon reconsideration, Tr. at 53, 66-67, 68 (DIB), 54, 65, 69-70 (SSI).

Then began an almost twenty-year claim adjudication journey through the administrative and court process. Most of the detailed history is summarized in the undersigned's September 26, 2024 Opinion and Order that was entered the last time Plaintiff appealed to this Court. See Owens v. O'Malley, No. 2:23-cv-258-JRK (M.D. Fla.; Doc. No. 33; "2024 Order"). It need not be repeated here except to observe that when the 2024 Order was entered, Plaintiff had been through at least six hearings before numerous administrative law judges ("ALJ(s)"), had received at least five adverse decisions by ALJs, and had successfully appealed to the SSA's Appeals Council (twice), to this Court (twice) and the United States Court of Appeals for the Eleventh Circuit (once). See 2024 Order at 2-7. Also, Plaintiff had in 2010 filed a subsequent claim for SSI and had been found by the SSA to be disabled as of March 1, 2010. See id. at 3. Plaintiff had also at some point amended his alleged disability onset date for the current claims to November 1, 2002 and had withdrawn his current SSI claim through February 28, 2010 (just prior to being found disabled on the

subsequently-filed SSI claim). See id. at 6. Essentially, the relevant timeframe under consideration for adjudication of the current claim(s) then became November 1, 2002 through Plaintiff's date last insured for DIB: December 31, 2007. See id. at 6-7.

When the undersigned reversed and remanded the matter in the 2024 Order, it was due to error in evaluating the opinion of consultative psychologist Kenneth A. Visser, Ph.D. See id. at 12-19. The error had been committed by an ALJ previously, leading to this Court reversing and remanding the matter in 2021 and also leading to various findings by the Appeals Council on remand prior to remanding to the ALJ. See id. at 15-16. Reviewing the ALJ's decision at issue in the 2024 Order, the undersigned determined that the ALJ made findings that were not supported by substantial evidence, especially in light of the Appeals Council's prior remand findings. See id. at 17-18. At the time, Plaintiff sought a direction that benefits should be awarded on remand, but the undersigned declined, noting that "resolving the errors requires further consideration and explanation by the ALJ," even though it was "not likely that additional evidence is needed during this closed period case." Id. at 18-19. The undersigned "hesitat[ed] to find, factually, whether and when Plaintiff became disabled prior to December 31, 2007" because "[t]hose determinations are for the [SSA] in the first instance." Id. at 19.

On remand following the 2024 Order, the Appeals Council on November 1, 2024 entered an Order remanding the matter to another ALJ. Tr. at 1536-37. The ALJ held a hearing on April 9, 2025, taking testimony from Plaintiff (who was represented by counsel) and a VE. Tr. at 1474-1511. During the hearing, Plaintiff's counsel stated that "the period at issue is from November 1st 2002, through the month of February in 2010, and that is on Title II only because the Appeals Council only has determined that the SSI he was awarded in March 2010 and forward, remains in effect." Tr. at 1478. However, counsel clarified that the 2002 date was in relation to her request to "reopen[]" a prior 2003 application for benefits, not an amendment of the current disability onset date. Tr. at 1479.

On April 16, 2025, the ALJ entered a Decision denying Plaintiff's "request to reopen the prior application" and finding Plaintiff "was not under a disability . . . from June 17, 2005, to February 28, 2010." Tr. at 1440, 1462, 1439-63. The Appeals Council did not take any action within sixty-five days, making the ALJ's Decision the final decision of the Commissioner. On June 11, 2025, Plaintiff filed the Complaint (Doc. No. 4) seeking review of the Commissioner's final decision.

Plaintiff on appeal initially raises four points of alleged error on the part of the ALJ. See Plaintiff's Social Security Brief (Doc. No. 20; "Pl.'s Br."), filed November 10, 2025, at 9-23. As a fifth point, Plaintiff argues that remand with

an instruction to award benefits is the appropriate remedy, rather than remand for further administrative proceedings. Id. at 24-25. Responding, Defendant concedes error on the part of the ALJ (without explicitly saying so) and argues, solely, that the appropriate remedy is to remand the matter for further proceedings. Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem."), filed February 6, 2026, at 5-8.[3] On March 2, 2026, Plaintiff's Social Security Reply Brief (Doc. No. 30; "Reply") was filed. After a thorough review of the record and the law, the undersigned finds that the Commissioner's final decision is due to be reversed with a direction to award benefits as of the disability onset date of June 17, 2005.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

[3] In violation of the Court's Local Rules, Def.'s Mem. does not include page numbers. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 1443-62. At step one, the ALJ determined Plaintiff "did not engage in substantial gainful activity from June 17, 2005, [Plaintiff's] alleged onset date[,] to February 28, 2010" (the "period at issue"). Tr. at 1443 (emphasis and citation omitted). At step two, the ALJ found during the period at issue that Plaintiff "had the following severe impairments: degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; degenerative disc disease of the thoracic spine; chronic obstructive pulmonary disease (COPD); headaches; anxiety; and depression." Tr. at 1443 (emphasis and citation omitted). At step three, the ALJ ascertained during the period at issue that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1443 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following residual functional capacity ("RFC") during the period at issue:

> [Plaintiff could] lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for four hours in an eight hour workday; occasional climbing of ramps or stairs, but no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent handling and fingering; work environments of moderate noise as defined by SCO noise code 3; occasional exposure to atmospheric conditions such as fumes, odors, dusts, and gases; no work in high exposed places; no work in proximity to moving hazards mechanical parts; able to understand, remember, and carry out simple instructions; able to make simple work-related decisions; able to adapt to occasional changes in a routine work setting; occasional interaction with coworkers and supervisors; and no interaction with the public.

Tr. at 1449 (emphasis omitted).

At step four, the ALJ found that Plaintiff during the period at issue "was unable to perform any past relevant work" as a "Construction Worker." Tr. at 1460-61 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("36 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found during the period at issue that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could perform," such as "Routing Clerk," "Electrical Accessories Assembler," and "Hospital Products Assembler." Tr. at 1461-62 (some emphasis

and citation omitted). The ALJ concluded Plaintiff "was not under a disability . . . from June 17, 2005, to February 28, 2010." Tr. at 1062 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff seeks an award of benefits given the tortured procedural history of this matter and repeated errors of the SSA. Pl.'s Br. at 24-25; Reply at 1-7. According to Plaintiff, the SSA has "shown itself unwilling or unable to properly adjudicate the application." Pl.'s Br. at 24 (quotation omitted). Moreover, Plaintiff contends that the SSA "already found [him] disabled more than 15 years ago" on the subsequently-filed SSI claim for benefits; "the period at issue is remote and limited"; and the SSA "has failed to consider the existing finding of disability to properly determine whether the medical opinion evidence therein could have established an earlier onset date." Id. Responding, Defendant contends that "even if all four of Plaintiff's substantive arguments hold sway . . . he has at most shown that an evidentiary conflict exists that must be resolved." Def.'s Mem. at 6. Focusing on the November 1, 2002 alleged onset date of disability (in connection with Plaintiff's request to reopen a prior application), Defendant contends the evidence does not show disability beyond doubt. Id. at 7.

Although generally cases are remanded to the Commissioner for further proceedings, it may be appropriate to remand only for an award of disability

benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)). When the Commissioner elects on appeal not to rebut the record evidence that is supportive of disability, it may be appropriate to award benefits. See Sacilowski v. Saul, 959 F.3d 431, 439, 441 (1st Cir. 2020) (quotations and some citations omitted) (citing with approval Davis, 985 F.2d at 534) (affirming district court's award of benefits when the Commissioner did not provide evidence to rebut the "overwhelming evidence in the record to support a finding of disability"); see also Bowen, 748 F.2d at 636-37 (finding remand for additional consideration unnecessary when the evidence supportive of disability was uncontradicted).

Here, almost twenty years have passed since Plaintiff filed his claims. The adjudication journey has been long, arduous, and repetitive. Plaintiff has now been through at least seven hearings before numerous ALJs, has received at least six adverse decisions by ALJs, and has successfully appealed to the SSA's Appeals Council (twice), to this Court (thrice, including this time) and the United States Court of Appeals for the Eleventh Circuit (once). Multiple times, error has been found in various ALJ evaluations of the opinion of consultative examiner Dr. Visser. See 2024 Order at 15-19 (summarizing this Court's 2021 Order finding error regarding Dr. Visser's opinion and again finding error in

the ALJ's decision at issue). Plaintiff's current appeal again argues that Dr. Visser's opinion was improperly analyzed by the ALJ, Pl.'s Br. at 15-19, an argument Defendant does not contest, Def.'s Mem. at 5-8.

This is a closed period case. The relevant period at issue ended more than fifteen years ago. There is no other evidence for the SSA to consider. Plaintiff has already been found to be disabled by the SSA just one day after the period at issue here ended. When it is "exceedingly unlikely that [another] hearing will change anything," and when "the cumulative effect of the essential evidence and multiple remands plainly identifying these same errors is clear," an award of benefits is appropriate. Torres v. Comm'r of Soc. Sec., No. 6:23-cv-1691-RBD-RMN, 2024 WL 3179418, at *2 (M.D. Fla. June 26, 2024) (citing Davis, 985 F.2d at 534).

Last time when Plaintiff appealed to this Court, the undersigned "hesitate[d] to find, factually, whether and when Plaintiff became disabled prior to December 31, 2007" because "[t]hose factual determinations are for the Administration in the first instance." 2024 Order at 19. But, last time, a much earlier alleged onset disability date was at issue. The ALJ under review in the 2024 Order made findings using November 2002 as the alleged onset disability date, and ultimately determined Plaintiff "has not been under a disability . . . from November 1, 2002, through the date of th[e D]ecision." Id. at 11 (quoting Tr. at 1047). The undersigned specifically observed in the 2024 Order that "the

evidence before the Court tends to demonstrate a worsening of Plaintiff's mental state during the relevant period under consideration." Id. at 19.

Now, however, the ALJ's Decision declined to reopen the prior application that would take the period at issue back to 2002; instead, he made findings from the original alleged onset date of June 17, 2005 through February 28, 2010 (the day prior to Plaintiff's already-established disability onset date). Tr. at 1462. Plaintiff does not contest the ALJ's declination to reopen the prior application. Indeed, he requests specifically that the Court "direct a finding of disability as of the alleged onset date of June 17, 2005." Pl.'s Br. at 25; see Reply at 7.

All of the circumstances present here, including the significant change in the alleged onset date, convince the undersigned that a finding of disability without any doubt is now warranted. See, e.g., Davis, 985 F.2d at 534 (citing Bowen, 748 F.2d at 635-36).

## V. Conclusion

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), **REVERSING** the Commissioner's final decision and directing that the Commissioner **AWARD BENEFITS** as of the disability onset date of June 17, 2005.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 30, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record